**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENYATTA BRIDGES, | ) | No. 16 C |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| ILLINOIS, COOK COUNTY, ILLINOIS, | ) | |
| A Municipal Corporation and Body Politic, | ) | |
| UNKNOWN EMPLOYEES AND DEPUTIES | ) | |
| SHERIFF employed by Defendant Thomas J. Dart, | ) | Jury Demanded |
| Cook County Sheriff, | ) | |
| Defendants. | ) | |

**COMPLAINT OF VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (TITLE
42 U.S.C. SECTION 1983; DELIBERATE INDIFFERENCE -- WILLFUL AND
WANTON CONDUCT)**

PLAINTIFF complains of the Defendants as follows:

**Count I – 42 U.S.C. Section 1983 (Fourth Amendment Violation – denial of medical care
and objectively unreasonable conditions of detention)**

1.     Jurisdiction is based on Title 28 U.S.C. Section 1331, as this lawsuit invokes

Title 42 U.S.C. Section 1983, a statute or law of the United States of America.

2.     Venue is appropriate before this Court, as all events transpired within the County

of Cook, State of Illinois, within the geographic expanse of this Court.

3.     Plaintiff was on about April 24, 2014, an arrestee and detainee of the Cook

County Jail, operated by the Cook County Department of Corrections ("CCDOC"), a division

and department of the Office of Defendant Thomas J. Dart, Sheriff of Cook County, Illinois

("Dart").

4.     Prior to April 24, 2014, Plaintiff had notified Dart's CCDOC personnel and

Sheriff's Deputies that he needed to sleep in a lower bunk, as he was subject to falling out of bed while sleeping, in order to avoid physical injury.

5.      Despite such notification, Plaintiff was placed by Defendant Unkown Employees and Deputies Sheriff ("Unknown Employees") employed by CCDOC in a cell where he was forced to sleep in the upper bunk.

6.      On April 24, 2014, consistent with Plaintiff's prescription and warnings, Plaintiff fell from the upper bunk while sleeping, causing himself substantial personal injury.

7.      At all times relevant to this Complaint, Defendants Dart and Unknown Employees CCDOC personnel and Sheriff's Deputies owed to all detainees, including Plaintiff, a duty to maintain a safe physical environment for detainees while they were detained in the Jail, and to provide and maintain all faclities and environments in a reasonably safe condition so as to avoid accidents and injuries including those caused by Plaintiff falling out of the upper bunk.

8.      At all times relevant to this Complaint, Defendants and their agents knew or should have known that Plaintiff, by virtue precisely of his detention by Defendants and his condition wherein he would fall out of bed, was completely dependent upon Defendants for his physical needs including sleeping arrangements and bed.

9.      At all times relevant to this Complaint, Defendants  Dart and Unknown Employees additionally owed to detainees, including Plaintiff, a duty to ensure that reasonable needs for medical treatment of detainees, including Plaintiff, were met and that access to medical treatment and care was afforded or facilitated so as to address detainees' medical issues with reasonable promptness and dispatch.

10.      Dart's individual employees-defendants knew or should have known that Plaintiff

2

would have a physical need for sleeping on a floor-based, unraised bed, and that he would suffer injury if such a bed were not provided to him.

11.     Individual Defendants and Dart's acts of depriving Plaintiff of a lower bunk or bed was objectively unreasonable, and amounted to deliberate indifference of Plaintiff's health and physical needs.

12.     Defendants' acts also violated Plaintiff's right to be free from unreasonable seizures under the United States Constitution, Fourth Amendment.

16.     Plaintiff's fall from the upper bunk while sleeping and consequent injuries were directly and proximately caused by Defendant Dart's and Unknown Employees' deliberate indifference to Plaintiff's health and physical needs, failure to secure suitable accommodations for Plaintiff, and aforementioned violation of Plaintiff's Fourth Amendment rights.

17.     The Defendants Dart's and Unknown Employees' aforementioned acts and omissions constitute reckless, willful and wanton disregard of Plaintiff and his injuries, and of Plaintiff's need for suitable accommodation of his physical and health needs and need for immediate medical care and treatment.

18.     Defendants' reckless, deliberately indifferent acts and omissions directly and proximately caused damage to Plaintiff in that Plaintiff suffered substantial personal injury, incurred expenses for medical treatment and therapy, and suffered limitation of use of various parts of Plaintiff's body.  Plaintiff has and will endure substantial past and future pain and suffering.

Wherefore, Plaintiff KENYATTA BRIDGES requests that this Court enter judgment in his favor against Defendants THOMAS J. DART, SHERIFF OF COOK ILLINOIS, COOK

COUNTY, ILLINOIS, A Municipal Corporation and Body Politic, UNKNOWN EMPLOYEES

AND DEPUTIES SHERIFF employed by Defendant Thomas J. Dart, Cook County Sheriff,

jointly and severally, in a sum in excess of $75,000.00, with Plaintiff's costs being awarded to

him and taxed against Defendants.

**Count II – 42 U.S.C. Section 1983 (Monell v. New York Dept. Claim – Policy, Custom or Procedure causing injury)**

19.-36.        Plaintiff repeats the allegations of paragraphs 1 through 18 inclusive, as

though fully set forth herein.

37.        Defendants Dart and Unkown Employees, upon information and belief, neglected

Plaintiff's health and safety needs, and exposed Plaintiff to injury as set forth herein, in whole or

in part, because Defendant Dart had a policy, custom or procedure in place directing the

standards for detention of Plaintiff which included ignoring or flouting Plaintiff's report and

notification of his need for a lower bunk or bed to accommodate his health and physical safety.

38.        The individual Defendants' aforementioned acts and omissions were, upon

information and belief, undertaken under the auspices of and pursuant to the policy, custom and

procedure of Defendant Dart, and thus exposed Plaintiff to injury as part of implementation of

such policy, custom or procedure.

39.        Because such willful and wanton conduct was undertaken consistently with

Defendant Dart and Unknown Employees' polices, practices and procedures, with the upper

bunk and other accessory items provided by Defendants and CCDOC, the injuries and

damages caused to Plaintiff should be paid or reimbursed by Defendant Dart.

Wherefore, Plaintiff KENYATTA BRIDGES requests that this Court enter

4

judgment in his favor against Defendant THOMAS J. DART, SHERIFF OF COOK COUNTY,

ILLINOIS, A Municipal Corporation and Body Politic, in the sum in excess of $75,000.00, with

Plaintiff's costs being awarded to him and taxed against Defendants.

      Jury demanded.

              KENYATTA BRIDGES,

              By:_____/S/__ Michael J. Greco _____
                    Michael J. Greco
                    Attorney for Plaintiff

Atty. No.  06201254
Michael J. Greco
Attorney for Plaintiff
175 W. Jackson Blvd., Suite 240
Chicago, Illinois  60604
312 222-0599