UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENYATTA BRIDGES,

    Plaintiff,

  v.

THOMAS J. DART, Sheriff of Cook County, COOK COUNTY, ILLINOIS, a municipal corporation, and UNKNOWN EMPLOYEES and DEPUTIES SHERIFF,

    Defendants.

No. 14 CV 4635

Judge Manish S. Shah

## ORDER

Defendants' motion to dismiss, [17], is granted. Plaintiff's complaint is dismissed without prejudice. Plaintiff has leave to file an amended complaint by January 18, 2017. If no amended complaint is filed, this dismissal will automatically convert to a dismissal with prejudice and a final judgment will be entered.

## STATEMENT

Plaintiff Kenyatta Bridges sues the Sheriff of Cook County, Cook County, and unknown sheriff's employees under 42 U.S.C. § 1983 for allegedly failing to provide him with a lower bunk, resulting in injury when he fell while he was detained at the Cook County Jail. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court must construe all factual allegations as true and draw all reasonable inferences in the plaintiffs' favor, but the court need not accept legal conclusions or conclusory allegations. *Virnich v. Vorwald*, 664 F.3d 206, 212 (2011) (citing *Iqbal*, 556 U.S. at 680–82).

Bridges alleges that he was a detainee at the Cook County Jail in April 2014 and that he told jail personnel that he needed a lower bunk because he was subject to falling out of bed while sleeping. He alleges that despite notifying jail personnel, he was placed in a cell where he was forced to sleep in an upper bunk and, on April

24, 2014, he fell from the upper bunk while sleeping, causing personal injuries. [1] ¶¶ 3–6.* In Count I, he sues Tom Dart, the sheriff of Cook County, the county, and unknown sheriff's employees under 42 U.S.C. § 1983 for deliberate indifference to his health needs, resulting in physical injury. [1] ¶¶ 11–16. Bridges also alleges that the defendants' acts violated his fourth-amendment right to be free from unreasonable seizures. [1] ¶ 12. In Count II, Bridges asserts a *Monell* claim against the defendants, alleging that the sheriff "had a policy, custom, or procedure in place directing the standards for detention of Plaintiff which included ignoring or flouting Plaintiff's report and notification of his need for a lower bunk," and that this policy resulted in his injury. [1] ¶¶ 37–38.

Initially, defendants moved to dismiss Bridges's complaint by arguing that the statute of limitations had passed. Defendants withdrew this argument on reply, however, conceding that Bridges's complaint was timely filed under Federal Rule of Civil Procedure 6(a)(1)(C). [25] at 3. The statute of limitations for § 1983 claims is two years. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985); 735 ILCS 5/13-202. Bridges filed his complaint on April 25, 2016 (the Monday following the date two years from his alleged fall). Although Bridges's complaint may have been timely filed, his failure to identify the unknown sheriff's employees before the statute of limitations expired means that he cannot amend the complaint to name those individuals—such an amendment would not relate back to the original complaint. *See* Fed. R. Civ. P. 15(c); *Baskin v. City of Des Plaines*, 138 F.3d 701, 703–04 (7th Cir. 1998). Claims against these unknown sheriff's employees are now time-barred, but Bridges argues that he has stated a claim against the other defendants under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Bridges does not argue that he has stated a deliberate indifference claim against the sheriff individually, and indeed, his complaint does not allege the sheriff's personal involvement in denying him a low bunk. Bridges only argues against dismissal of his *Monell* claim. Count I is dismissed—no claim against a defendant in an individual capacity (or the county as a necessary party for indemnification) is adequately or timely alleged.

Defendants argue that the *Monell* claim alleges mere boilerplate recitals that fail to allege a policy or custom. The complaint must allege facts plausibly suggesting that a government policy or custom was the "moving force" behind the constitutional deprivation. *See Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). A plaintiff can establish a "policy or custom" by showing: (1) an express policy; (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage; or (3) that the constitutional injury was caused by a person with final policymaking authority. *Id.* at 834. Here, Bridges alleges that Dart had a policy "directing the standards for detention of Plaintiff which included ignoring or flouting Plaintiff's report and notification of his need for a lower bunk."

---

* Bracketed numbers refer to entries on the district court docket.

[1] ¶ 37. But under *Monell*, a plaintiff must allege the existence of a true policy or custom—isolated incidents of allegedly unconstitutional conduct are insufficient to support a *Monell* claim. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (a plaintiff must show "that there is a true municipal policy at issue, not a random event"); *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). Bridges's *Monell* claim consists of boilerplate legal conclusions and alleges nothing more than an isolated incident related to Bridges's April 2014 fall from an upper bunk. Bridges concedes that he has based his claim on a single incident and thus cannot establish a constitutional violation. [24] at 2. He has not pled facts allowing an inference that the sheriff had a widespread practice of ignoring detainee's needs for a lower bunk. Bridges has failed to state a *Monell* claim, and Count II is dismissed.

Defendants argue that Cook County should be dismissed as a defendant because Bridges failed to allege any facts about Cook County or its alleged role in causing his injuries. The complaint lacks any facts relating to Cook County, and Bridges did respond to this argument, thus forfeiting any argument on that issue. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Cook County is dismissed as a defendant.

The dismissal of the complaint is without prejudice because Bridges should be given at least one opportunity to amend. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

ENTER:

                                        Manish S. Shah
                                        United States District Judge

Date: 12/28/2016