UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENYATTA BRIDGES,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS J. DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, a municipal corporation,<br><br>  Defendants. | No. 16 CV 4635<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss, [31], is granted. The amended complaint is dismissed without prejudice. Plaintiff will be given one more opportunity to replead his claims. Any amended complaint must be filed by May 8, 2017. If no amended complaint is filed, this dismissal will automatically convert to a dismissal with prejudice and the case will be terminated.

## STATEMENT

Defendants the Sheriff of Cook County, Cook County, and unknown sheriff's employees move to dismiss plaintiff Kenyatta Bridges's amended complaint under Federal Rule of Civil Procedure 12(b)(6). [30].[1] Bridges's original complaint against these defendants was dismissed without prejudice because he failed to state a claim and because his claim against unknown employees was time-barred. [27].

Bridges was allowed to replead. His amended complaint alleges that while detained at the Cook County Jail, Bridges notified personnel that he needed to sleep in a lower bunk but was denied a lower bunk. After his warnings, he was injured in April 2014 after falling off an upper bunk. Bridges alleges that his injury was a product of a widespread practice at the jail of ignoring detainees' requests for a lower bunk. [29] ¶ 16. He cites to five lawsuits brought by other Cook County Jail detainees who alleged they had prescriptions for a lower bunk that went unfilled during various instances from 2005 to 2012. Bridges also alleges that he was not regularly provided with his prescribed medication while at the jail, and that this

---

[1] Bracketed numbers are entries on the district court docket.

resulted from the county and the Sheriff's widespread practice of failing to provide detainees with their prescribed medication on a timely basis. He does not allege when he was prescribed medications, for what condition, when the medications were denied or delayed, or what injury he suffered as a result.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court must construe all factual allegations as true and draw all reasonable inferences in the plaintiffs' favor, but the court need not accept legal conclusions or conclusory allegations. *Id.* at 678–79. Defendants move to dismiss Bridges's amended complaint, arguing that he has failed to state a *Monell* claim against a widespread practice of denying detainees a lower bunk and that his new *Monell* claim about medication is time-barred.[2]

A *Monell* claim requires showing that a government policy or custom was the "moving force" behind the constitutional deprivation. *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). A plaintiff can establish a "policy or custom" by showing: (1) an express policy; (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage; or (3) that the constitutional injury was caused by a person with final policymaking authority. *Id.* at 834. Bridges pursues the "widespread practice" theory and therefore "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). "[I]solated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference." *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003). The alleged practice, although not authorized by written law or express municipal policy, must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Citing to *Johnson v. Sheriff of Cook County*, No. 15 C 741, 2015 WL 1942724 (N.D. Ill. Apr. 24, 2015), defendants contend that a widespread practice cannot be alleged by referring to other cases alleging similar treatment by the same institutional defendant. Defendants argue that it would be improper to rely on the

---

[2] Bridges's original complaint included a non-*Monell* deliberate indifference claim against the Sheriff and unknown employees, which was dismissed. [27]. Those allegations reappeared in the amended complaint, but Bridges's response brief only focuses on his *Monell* claims. To the extent Bridges intended to replead a (non-*Monell*) deliberate indifference claim against the Sheriff and unknown employees for failing to assign him a lower bunk, it fails for the same reasons as stated in the prior order. [27] at 2.

other cases cited by Bridges because they involved unsubstantiated allegations and ultimately ended up being dismissed or settled.

*Johnson*, however, merely held that a cursory reference to a widespread practice as alleged in another case was insufficient to state a *Monell* claim above a speculative level when the complaint lacked an explanation of that widespread practice or specific factual allegations against the sheriff's office. 2015 WL 1942724 at *2. Here, Bridges has alleged other instances of low bunk denials to show the jail's practice through a series of violations.

The unsubstantiated nature of the allegations in these other lawsuits is not a reason to discount them. At the motion to dismiss stage, most (if not all) allegations are unsubstantiated—their veracity is determined at a later stage in litigation. In widespread practice cases, "[i]f the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer that there is a policy at work, not the kind of isolated incident that [the Supreme Court] held cannot support municipal liability." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Bridges's allegations that several other detainees' were prescribed lower bunks, but denied them may be sufficient to allow the plausible inference that there was a widespread practice at the jail to deny lower bunk access to detainees despite prescriptions or orders for such bunks.

But the problem for Bridges is that he has alleged a different practice—his allegation is that his request for a lower bunk was denied. Although he uses the word "prescriptions" in reference to his own requests, [29] ¶ 6, he does not allege that he was actually prescribed a lower bunk by a medical professional. His claim that there was a policy of flouting requests by detainees is belied by his allegations that other detainees received prescriptions. In other words, it is apparent from the complaint that some detainees' requests were not flouted, but received attention in the form of medical prescriptions for lower bunks. This internal inconsistency in the complaint makes Bridges's *Monell* claim implausible. Moreover, any practice of not fulfilling medically prescribed lower bunks was not at issue for Bridges, because he alleges no such prescription in his amended complaint. Without an allegation that Bridges had a prescription for a lower bunk, it is not reasonable to infer that a practice of not honoring prescriptions was a cause of Bridges's injury. Bridges's *Monell* claim as it relates to his fall is dismissed.

Bridges's lower-bunk claim alleges that he fell out of his bunk and was injured in April 2014. Under the two-year statute of limitations for § 1983 deliberate indifference claims in Illinois, the statute of limitations on his lower-bunk claim passed in April 2016. As explained in the earlier dismissal of Bridges's original complaint, an amendment after April 2016 to identify unnamed sheriff's employees who denied him a lower bunk would be untimely. [27] at 2. But Bridges's *Monell* claim based on the denial of medication is a different claim—the statute of

limitations accrual is tied to the injury sustained from the denial of medication, not to the April 2014 fall from an upper bunk. The amended complaint, however, is silent on when Bridges was denied medication. (The complaint also does not allege the length of his detention at the jail.) Bridges's medication claim may very well be untimely, because it does not relate back to Bridges's original complaint. An amendment relates back if it asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading. Fed. R. Civ. P. 15(c). Bridges's medication claim arises out of a new set of alleged facts and conduct not alleged in his original complaint, which was limited to denial of a lower bunk.

If the medication claim accrued before January 18, 2015, and no tolling applies, it is too late to pursue. But the untimeliness of this new claim is not apparent on the face of the complaint and therefore dismissal on that basis is not appropriate at this time. A complaint will be dismissed for failure to comply with the statute of limitations only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014).

Bridges's failure to allege what his medications-denial claim entails (when it occurred, what medications were at issue, and how the denial or delay of medications affected him) makes it too vague to be discernible. Although defendants have not raised this challenge to the adequacy of the pleading, the defects are evident from the complaint and suitable for a *sua sponte* dismissal. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 n.3 (7th Cir. 2016) (citing *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997)). Complaints need not plead evidence and need only make allegations sufficient to state a plausible claim for relief, but Bridges's statement that he did not consistently receive unidentified medications for an unidentified ailment, *see* [29] ¶ 19, is too thin to give notice to defendants of a constitutional violation. There is no allegation of an objectively serious medical condition for which Bridges was deprived treatment.

The amended complaint is dismissed without prejudice. Bridges will be given one more opportunity to replead—to clarify his claims and provide sufficient notice to defendants. If Bridges does not submit an amended complaint, the dismissal will automatically convert to a dismissal with prejudice and the case will be terminated.

ENTER:

                                    Manish S. Shah
                                    United States District Judge

Date: 4/17/2017