**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENYATTA BRIDGES, | ) | No. 16 C 4635 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Shah |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY, ILLINOIS, COOK COUNTY, | ) | Magistrate Cox |
| ILLINOIS, A Municipal Corporation and Body | ) | |
| Politic, | ) | Jury Demanded |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT OF VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (TITLE 42 U.S.C. SECTION 1983; DELIBERATE INDIFFERENCE -- WILLFUL AND WANTON CONDUCT – MONELL V. N.Y. CLAIM)**

PLAINTIFF complains of the Defendants as follows:

1. Jurisdiction is based on Title 28 U.S.C. Section 1331, as this lawsuit invokes Title 42 U.S.C. Section 1983, a statute or law of the United States of America.

2. Venue is appropriate before this Court, as all events transpired within the County of Cook, State of Illinois, within the geographic expanse of this Court.

3. Plaintiff was on about April 24, 2014, an arrestee and detainee of the Cook County Jail, operated by the Cook County Department of Corrections ("CCDOC"), a division and department of the Office of Defendant Thomas J. Dart, Sheriff of Cook County, Illinois ("Dart").

4. Prior to April 24, 2014, Plaintiff had notified Dart's CCDOC personnel and Sheriff's Deputies that he needed to sleep in a lower bunk, as he was subject to falling out of bed while sleeping, in order to avoid physical injury.

5. Prior to April 24, 2014, Plaintiff was treated and evaluated at Cermak Health Services, the hospital facility located with the Cook County Jail. Plaintiff notified Dart's CCDOC medical

personnel employed at Cermak Health Services that he needed to sleep in a lower bunk, as he was subject to falling out of bed while sleeping, in order to avoid physical injury.

6. At that time, prior to April 24, 2014, Dart's CCDOC medical personnel employed at Cermak Health Services informed Plaintiff that they would order that Plaintiff be furnished a lower bunk to sleep in within the Cook County Jail.

7. Plaintiff was informed and believed that Dart's CCDOC medical personnel employed at Cermak Health Services actually did order that Plaintiff be furnished a lower bunk to sleep in within the Cook County Jail. Plaintiff does not know whether a medical prescription for a lower-bunk-only sleeping accommodation was ordered or written by Dart's CCDOC medical personnel employed at Cermak Health Services; Plaintiff did write an internal CCDOC grievance after April 24, 2014, concerning the lower bunk only request, in response to which CCDOC employee Lt. Alvarez wrote on about April 30, 2014, that "Bridges did not have a 'bottom bunk' prescription" but was subsequently moved to a different location within Cook County Jail where Plaintiff was "now on a bottom bunk."

8. Despite such notification and order from CCDOC Cermak Health Services medical personnel, Plaintiff was placed by unknown CCDOC employees and Deputies Sheriff employed by CCDOC in a cell where he was forced to sleep in the upper bunk.

9. On April 24, 2014, consistent with Plaintiff's prescription and warnings, Plaintiff fell from the upper bunk while sleeping, causing himself substantial personal injury.

10. At all times relevant to this Complaint, Defendant Dart and unknown CCDOC employees and Sheriff's Deputies owed to all detainees, including Plaintiff, a duty to maintain a safe physical environment for detainees while they were detained in the Jail, and to provide and maintain all facilities and environments in a reasonably safe condition so as to avoid accidents

and injuries including those caused by Plaintiff falling out of the upper bunk.

11.     At all times relevant to this Complaint, Defendants and their agents knew or should have known that Plaintiff, by virtue precisely of his detention by Defendants and his condition wherein he would fall out of bed, was completely dependent upon Defendants for his physical needs including sleeping arrangements and bed.

12.     At all times relevant to this Complaint, Defendant Dart and unknown employees additionally owed to detainees, including Plaintiff, a duty to ensure that reasonable needs for medical treatment of detainees, including Plaintiff, were met and that access to medical treatment and care was afforded or facilitated so as to address detainees' medical issues with reasonable promptness and dispatch.

13.     Dart's individual employees-defendants knew or should have known that Plaintiff would have a physical need for sleeping on a floor-based, unraised bed, and that he would suffer injury if such a bed were not provided to him.

14.     Individual Defendants and Dart's acts of depriving Plaintiff of a lower bunk or bed was objectively unreasonable, and amounted to deliberate indifference of Plaintiff's health and physical needs.

15.     Defendants' acts also violated Plaintiff's right to be free from unreasonable seizures under the United States Constitution, Fourth Amendment.

16.     Plaintiff's fall from the upper bunk while sleeping and consequent injuries were directly and proximately caused by Defendant Dart's and Unknown Employees' deliberate indifference to Plaintiff's health and physical needs, failure to secure suitable accommodations for Plaintiff, and aforementioned violation of Plaintiff's Fourth Amendment rights.

17.     The Defendant Dart's and unknown CCDOC employees' aforementioned acts and

omissions constitute reckless, willful and wanton disregard of Plaintiff and his injuries, and of Plaintiff's need for suitable accommodation of his physical and health needs and need for immediate medical care and treatment.

18.     Defendants' reckless, deliberately indifferent acts and omissions directly and proximately caused damage to Plaintiff in that Plaintiff suffered substantial personal injury, incurred expenses for medical treatment and therapy, and suffered limitation of use of various parts of Plaintiff's body. Plaintiff has and will endure substantial past and future pain and suffering.

19.     Defendants Dart and Unkown Employees, upon information and belief, neglected Plaintiff's health and safety needs, and exposed Plaintiff to injury as set forth herein, in whole or in part, because Defendant Dart had a policy, custom or procedure in place directing the standards for detention of Plaintiff which included ignoring or flouting Plaintiff's report and notification of his need for a lower bunk or bed to accommodate his health and physical safety.

20.     The Defendants' employees aforementioned acts and omissions were, upon information and belief, undertaken under the auspices of and pursuant to the policy, custom and procedure of Defendant Dart, and thus exposed Plaintiff to injury as part of implementation of such policy, custom or procedure.

21.     Upon information and belief, Defendant Dart and CCDOC exhibited the policy, custom and procedure of flouting and ignoring inmates' medically-ordered and medically-prescribed requirement of provision of a lower bunk in numerous other instances from 2005 through 2015, including but not limited to the following examples:

- CCDOC Inmate Marshall William Stewart was prescribed a lower bunk, among other accomodations, from 2005 through 2009, which lower bunk and accomodations were denied to him at times, causing or contributing to cause aggravation of his Achilles tendon rupture injury,

including apparent muscular atrophy and mobility limitations forcing the inmate to walk with a cane, as set forth in *Stewart v. Cermak Health Services, et al.*, 07C6172, 2010 WL 4284898 (U.S. District Court N.D.Ill. 10/20/2010 J. Zagel);

- CCDOC inmate Stanley Norris, Sr. suffered injury including back pain, nerve pain in his legs and high blood pressure following a fall from an upper bunk on about June 14, 2009, where Defendant Dart and CCDOC had been notified and had logged, but not fulfilled, a lower bunk order, as averred in plaintiff's complaint filed in *Norris v. Godinez*, 09C6048, 2010 WL 2681287 (U.S. District Court N.D.Ill. 7/06/2010 J. Lindberg);

- CCDOC inmate DeShawn C. Williams suffered a dislocated shoulder following a fall from an upper bunk during a seizure on about June 21, 2010, where Defendant Dart and CCDOC had been notified and had logged, but not fulfilled, a lower bunk order, as averred in plaintiff's complaint filed in *Williams v. McIntash*, 11C6121 (U.S. District Court N.D.Ill. 10/20/2010 J. St. Eve);

- CCDOC inmate Jesse Anderson was injured by falling from his upper bunk at the Cook County Jail on or about July of 2010, despite having previously received a low bunk order, as averred in plaintiff's complaint filed in *Anderson v. Cook County, et al.*, 11C5327, 2011 U.S. Dist. LEXIS 122478 (U.S. District Court, N.D. Ill., J. Manning);

- CCDOC inmate Richard Pikul was injured while trying to get in his upper bunk at the Cook County Jail on November 30, 2012, despite having previously received a medically-prescribed low bunk order, as averred in plaintiff's complaint filed in *Pikul v. Cook County, et al.*, No. 13-6585 (U.S. District Court N.D. Ill. 9/13/2013, J. St. Eve).

22.     Defendant Cook County and/or Defendant Dart also maintained a persistent and – widespread practice or custom of failing to provide prisoners with their prescribed medication

regularly and on a timely basis. On July 11, 2008, the U.S. Department of Justice Civil Rights Division reported its finding that the Cook County Jail "frequently fails to provide critical medications to inmates without delay or lapses." (Findings Letter, 7/11/2008, p. 51).

23. The practices set forth in para. 21 and 22 hereinabove demonstrate that Defendant Dart and CCDOC, and the officers and deputies sheriff employed by Defendant Dart, were engaged in a widespread practice that is sufficiently permanent and established as to constitute a custom or usage.

24. Because such willful and wanton conduct was undertaken as to Plaintiff consistently with Defendant Dart and unknown CCDOC employees' polices, practices and procedures, with the upper bunk and other accessory items provided by Defendants and CCDOC, the injuries and damages caused to Plaintiff should be paid or reimbursed by Defendant Dart, in his official capacity, CCDOC, and Defendant Cook County, Illinois, as indemnor.

25. The practice and custom of Defendant Dart and CCDOC in depriving Plaintiff and other inmates of medically-ordered and medically-prescribed requirement of provision of a lower bunk for sleeping amounts to a constitutional deprivation of Plaintiff's and the other inmates' medical and physical needs.

26. Defendant Dart's practices and customs as set forth in paras. 21 and 22 hereinabove carried over, upon information and belief, from predecessor Sheriffs – Defendant Dart took office in 2006. Accordingly, Defendant Dart is sued in his official capacity only.

Wherefore, Plaintiff KENYATTA BRIDGES requests that this Court enter judgment in his favor against Defendants THOMAS J. DART, SHERIFF OF COOK COUNTY, ILLINOIS, and COOK COUNTY, ILLINOIS, A Municipal Corporation and Body Politic, jointly and severally, in a sum in excess of $75,000.00, with Plaintiff's costs being awarded to him and taxed against Defendants.

Jury demanded.

KENYATTA BRIDGES,

By:____/S/__ Michael J. Greco _____
     Michael J. Greco, Attorney at Law
     Attorney for Plaintiff

Atty. No. 06201254
Michael J. Greco
Attorney for Plaintiff
175 W. Jackson Blvd., Suite 240
Chicago, Illinois 60604
312 222-0599
Email michaelgreco18@yahoo.com